## POTTS *v.* CITY OF ATLANTA.

1. Under the provisions of section 5 of the act approved November 29, 1902 (Acts 1902, p. 333), the City of Atlanta has authority to exercise the right of eminent domain, and to acquire, by condemnation proceedings, lands necessary for the construction of sewers beyond the limits of the city.
2. Upon the trial of the case the trial judge did not abuse his discretion in refusing to grant the interlocutory injunction.

DECEMBER 14, 1911.

Petition for injunction. Before Judge Bell. Fulton superior court. March 18, 1911.

*Walter R. Brown,* for plaintiff.
*James L. Mayson* and *William D. Ellis Jr.,* for defendant.

BECK, J. Mrs. Mary W. Potts filed an equitable petition against the City of Atlanta, seeking to enjoin the city from constructing

a sewer through her property on Peachtree road, which is outside the corporate limits of the city; and by amendment she asked that the city be restrained from proceeding by condemnation to appropriate her property for sewer purposes. On the interlocutory hearing the court denied the injunction prayed for by plaintiff, and she excepted.

1. · It has long been recognized that the legislature has power to authorize a municipal corporation to acquire lands beyonds the municipal limits and for that purpose to exercise the power of eminent domain, where the proposed taking of private property is strictly for public use. What is a public use, so far as respects the exercise of eminent domain by municipalities, has in different cases given rise to controversy; but a controversy over the proposition that the taking of private property by municipalities for the construction of sewers, which have such an important bearing upon the public health, welfare, and comfort, is a public use, could. hardly arise. But it is contended in the present case that the legislature had not conferred upon the City of Atlanta the authority to appropriate private property beyond the corporate limits. Section 5 of the act approved November 29, 1902 (Acts 1902, p. 333), which act is an amendment to the charter of the City of Atlanta, contains the following provision: "Sec. 5. Be it further enacted · by the authority aforesaid, that the mayor and general council of the City of Atlanta be, and they are, hereby authorized, in their discretion, to lay and construct sewers, of whatever form, fashion, and material as in their judgment may be proper, safe, and sanitary, without the limits of the City of Atlanta, as well as and to as full an extent as now authorized within the limits of said city; and they are further authorized and empowered, in their discretion, to prepare, construct, and operate plants, means, methods, or whatever system in their discretion is best for the disposal of sewage matter; and said plants or systems or methods may be constructed and operated without the limits of the City of Atlanta, as well as within the limits of said city, in the discretion of the mayor and general council. Power and authority is vested in the mayor and general council of said city to condemn lands, leases, and all other interest in real estate, whereby possession and title to land, and as much thereof as may be necessary, may be procured by said city for the construction of sewers, as above provided, as well as plants,

means, or methods for the disposal of sewage matter, all as provided, without the limits of the City of Atlanta, in whatever direction and to whatever extent it may be deemed necessary · and proper within the discretion of said mayor. and general council." Provision more ample and explicit could hardly have been embodied in language for the purpose of clothing the municipality with authority to lay out and construct sewers and appropriate private property beyond the city limits by condemnation.

Nor can we agree with counsel for plaintiff in error in his contention that the power conferred upon the municipality by the section above quoted was limited to the condemnation of lands for the construction of such sewers as might be laid out and constructed by the expenditure of the proceeds arising from the issue of bonds referred to in other sections of the act. Nothing contained in section 5 of the act or in the entire act confines the provisions of section 5 within limits so narrow.

2. The other questions in the case require no discussion. They are merely questions of fact dependent upon the evidence in the case. Upon the material issues the evidence was conflicting; and that being true, they were for determination by the judge below; and his holding upon the issues of fact having been adverse to the complainant, it will not be disturbed. He exercised his sound discretion in passing upon these issues, and there is nothing in the facts of the case to show that this discretion was abused.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*