## ORFORD *v.* CITY COUNCIL OF AUGUSTA.

ATKINSON, J. 1. If a city having authority to exercise the power of eminent domain, for the purpose of constructing a sewer, enters upon private lands without the knowledge or consent of the proprietor, or without having exercised the power of eminent domain, and constructs and puts into operation a line of sewerage across the property as a health measure, the proprietor may not, in his private capacity and without any kind of judicial proceeding, physically disconnect and re·move the sewerage pipes from his lands merely because of the wrongful entry.

2. If after such a line of sewerage has been constructed and put in opera· tion over private property, the proprietor attempts to disconnect and remove the pipes, equity may afford injunctive relief to prevent such injury to the sewerage lines, under circumstances where such relief would ordinarily be appropriate.

3. "Under the act of December 8, 1880 (Acts 1880-81, p. 365), relating to the organization, powers, and duties of the board of health of the City of Augusta, the city authorities have the right to construct drains and sewers outside the limits of the city, after compliance with the formalities prescribed in the act." *Langley* v. *Augusta,* 118 *Ga.* 590 (7) (45 S. E. 486, 98 Am. St. R. 133); *Potts* v. *Atlanta,* 137 *Ga.* 211 (73 S. E. 397).

4. Under the pleadings and the evidence in this case the judge did not err in temporarily enjoining the proprietor of the land from interfering with the sewer pipes.

**866**

5. It was provided in section 3 of the act of 1898 (Ga. Laws 1898, p. 133), "That in the event it shall be necessary to construct and lay down any drain or sewer through private property, said city council shall have the right to condemn said private property for such use. Such condemnation proceedings to be had under sections 4657 to 4686, inclusive, of the Civil Code of 1895 of the State of Georgia and the acts amendatory thereof;" and it was provided in section 6 "that all laws and parts thereof in conflict with this be and the same are hereby repealed." This act did not repeal so much of the act approved December 8, 1880, supra, as authorized exercise of the power of eminent domain outside of the City of Augusta, but made a different provision for the selection of a third appraiser to appraise the damage.

6. The city is not deprived of the right to condemn under proceedings authorized by the municipal charter because in the circumstances it is already in possession of the property.

7. Under the pleadings and the evidence the judge did not err in refusing to enjoin the condemnation proceedings.

*Judgment affirmed. All the Justices concur.*

Nos. 6647, 6651. FEBRUARY 23, 1929.

*Fleming & Fleming,* for plaintiff in error.
*W. Inman Curry,* contra.